# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

EDWARD EUGENE CADE                                                                 PETITIONER

v.                         NO. 2:16-cv-00131 BSM/PSH

C.V. RIVERA, Warden,                                               RESPONDENT
FCC Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

I. <u>BACKGROUND</u>. In 2006, petitioner Edward Eugene Cade ("Cade") pleaded guilty in the United States District Court for the Northern District of Texas to two felony offenses. <u>See</u> <u>United States v. Cade</u>, 296 Fed.Appx. 431 (5th Cir. 2008); <u>Cade v. United States</u>, 2011 WL 6949280 (N.D. Tex. 2011), recommendation adopted, 2012 WL 20481 (N.D.Tex. 2012). He had prior felony convictions, one of which was a Texas state court conviction for possession with intent to deliver a controlled substance. <u>See</u> Pleading 9, Exhibit 3 at 2-3. The federal district court determined that Cade was a career offender and imposed an enhanced sentence pursuant to 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). <u>See</u> <u>United States v. Cade</u>, 296 Fed.Appx. at 432; <u>United States v. Cade</u>, 2012 WL 20481.[1]

Cade appealed and maintained that the federal district court erred when it enhanced his sentence pursuant to U.S.S.G. 4B1.1. It was his position that his Texas state court conviction for possession with intent to deliver a controlled substance was not a "controlled substance offense." <u>See</u> <u>United States v. Cade</u>, 296 Fed.Appx. at 432. He conceded, though, that his argument was foreclosed by <u>United States v. Ford</u>, 509 F.3d 714 (5th Cir. 2007). <u>See</u> <u>Id</u>. The United States Court of Appeals for the Fifth Circuit summarily affirmed his sentencing pursuant to U.S.S.G. 4B1.1. <u>See</u> <u>Id</u>.

---

[1]

U.S.S.G. 4B1.1 provides, in part, that "[a] defendant is a career offender if … the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In 2009, Cade filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the United States District Court for the Northern District of Texas. See Cade v. United States, 2011 WL 6949280. In that proceeding, he alleged, inter alia, that his trial attorney should have objected to the application of U.S.S.G. 4B1.1, in part, because the Texas state court conviction for possession with intent to deliver a controlled substance was not a "controlled substance offense." See Id. The assertion was rejected, and his motion was denied. See United States v. Cade, 2012 WL 20481.

II. PLEADINGS. Cade began this case by filing a petition pursuant to 28 U.S.C. 2241 and joining C.V. Rivera ("Rivera"). In the petition, Cade maintained that his Texas state court conviction for possession with intent to deliver a controlled substance should not have been used to enhance his federal sentence because the offense was not a "controlled substance offense." He maintained that the law on that issue had recently changed and offered Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); United States v. Tanksley, — F.3d —, 2017 WL 213835 (5th Cir. 2017); and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), as evidence.[2] Rather than attempt to summarize his position, the undersigned quotes the following passage from his petition:

---

[2] In Mathis v. United States, the United States Supreme Court explained the proper procedure for determining when a defendant's prior state court conviction could be used as a predicate offense under the Armed Career Criminal Act. In United States v. Hinkle, the United States Court of Appeals for the Fifth Circuit applied the principles articulated in Mathis v. United States to the U.S.S.G. In United States v. Tanksley, the same Court of Appeals determined that a petitioner's prior Texas state court conviction for possession with intent to deliver a controlled substance was not a "controlled substance offense" under U.S.S.G. 4B1.1.

> A statute is considered "indivisible" when it creates an alternate MEANS of committing the same offense. Texas Health and Safety Code section 481.112(a) says a person commits an offense if he or she "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." The term "delivery" is in turn defined under Texas law as "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." Texas Health and Safety Code section 481.002(8).
>
> Since "delivery" under Texas law can also mean an "Offer to sell" (which is not a controlled substance offense), the question at issue in United States v. Hinkle was whether the other ways of "delivering" drugs are alternate MEANS or alternate ELEMENTS of the same "delivery" offense. If elements, then the district court could consider conviction related documents like Hinkle's which showed that he did NOT "offer to sell," but rather actually delivered heroin. If only MEANS, though, the District Court could NOT consider such documentation and was required to find, as a matter of law, that the prior "delivery" conviction was non-qualifying.
>
> When the new framework called for by Mathis v. United States, the Fifth Circuit held that Texas Health and Safety Code section 481.112(a) as applied to "delivery" of drugs is an indivisible offense that DOES NOT qualify for the career offender enhancement.
>
> Note that the residual clause in 4B1.2(a)(2) mirrors the residual clause in the Armed Career Criminal Act ("ACCA"), which steeply increases the minimum and maximum penalties for 18 U.S.C. 922(g) violations and 18 U.S.C. 924(e). A year ago, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague, Johnson v. United States ...

See Pleading 3 at 2-3.

Cade acknowledged that he raised the foregoing claim in his 2009 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 but was now relying on new case law to support the claim. He also acknowledged that he had not sought

permission from the apposite court of appeals before filing the petition at bar.

Rivera filed a response to Cade's petition and asked that it be dismissed. It was Rivera's position that a challenge to the validity of a federal conviction or sentence generally must be made in the sentencing court by means of a motion pursuant to 28 U.S.C. 2255. Rivera noted that Cade previously filed a motion pursuant to 28 U.S.C. 2255 and has failed to show in the context of this case that another such motion in the sentencing court would be inadequate or ineffective. Because Cade failed to do so, Rivera maintained that this court, a court in the district of Cade's incarceration, lacks subject matter jurisdiction over the petition at bar.

Cade then filed the pending motion to strike Rivera's response. See Document 15. In the motion, Cade maintained that the documents submitted by Rivera in his response should not be considered in determining whether Cade was properly sentenced pursuant to U.S.S.G. 4B1.1. Cade asked that in the event his motion were denied, he be allowed "a reasonable amount of time to formulate a response to [Rivera's] legally questionable submission." See Document 15 at CM/ECF 5.

Cade's motion to strike was denied, see Document 16, but he was given a short extension of time to file a substantive reply to Rivera's response. Cade did so and offered the following representations in opposition to Rivera's challenge to the subject matter jurisdiction of this court:

> Recent decisions of the Fifth Circuit have rendered the Petitioner's priors non-qualifying for the purpose of the career offender enhancement

> in light of [United States v. Hinkle] [footnote omitted] and, earlier in the week, [United States v. Tanksley] [footnote omitted].
>
> The government's interpretation of these Texas decisions confuses evidentiary and notice requirements with the elements of an offense. The "mismatch of elements" under [United States v. Mathis] [footnote omitted] means that the Petitioner's conviction for Possession with Intent to Distribute is not a controlled substance offense under the Guidelines.
>
> …
>
> … The Petitioner here has applied to his sentencing court and was denied relief even though it has been determined through a long line of standing Circuit Law and Supreme Court decisions that he is in fact entitled to relief. Therefore, he has satisfied the "savings clause" and this 28 U.S.C. 2241 is proper.
>
> …
>
> … The Petitioner is foreclosed from a second or successive 2255 because … the intervening law is not of constitutional magnitude, unless the failure to grant relief results in the unlawful detention based upon a statute that has been subsequently deemed non-qualifying which renders the petitioner factually innocent of the career offender status and sentence that was misapplied.

See Document 17 at CM/ECF 2-6.

III. ANALYSIS. The scope of a petition like the one at bar pursuant to 28 U.S.C. 2241 is clear. The scope is as follows:

> Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence, under 28 U.S.C. 2255. Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) … A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner

> is being held. Metheny v. Morrison, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. 2255(e) (emphasis added). The last clause is a provision generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061–62 (8th Cir.2002), …

See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D.Ark. 2013) (Miller, J.) (emphasis in original).

The scope of the 28 U.S.C. 2255(e) savings clause is not entirely clear, and the phrase "inadequate or ineffective" has not been thoroughly defined. See United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000). Courts, though, have identified conditions that a petitioner must satisfy in order to gain the benefit of the savings clause. For instance, in Mathison v. Berkebile, 988 F.Supp. 2d 1091, 1097-1098 (D.S.D. 2013), a federal district court adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

> The savings clause of 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been

raised in the petitioner's trial, appeal, or first 2255 motion.

Thus, in some instances, "jurisdiction over a 2241 petition may exist when there has been a change in the applicable law and that change has been deemed retroactively applicable. See Deleston v. Wilson, 2014 WL 3384680, 4 (D.Minn. 2014).

The question of whether Cade was properly sentenced in the United States District Court for the Northern District of Texas is not before the undersigned.[3] Instead, the question before the undersigned is whether the United States District Court for the Eastern District of Arkansas, the district court of Cade's incarceration, has subject matter jurisdiction over his 2241 petition. Applying the governing law to the facts of this case, the undersigned finds that the United States District Court for the Eastern District of Arkansas lacks subject matter jurisdiction over his petition.

Mathis v. United States, United States v. Tanksley, and United States v. Hinkle arose out of direct appeals of sentences. Here, Cade is attempting to undertake a second collateral attack of his sentence. The undersigned takes no position on whether Mathis v. United States is a retroactively applicable United States Supreme Court decision. Assuming, arguendo, that the decision is retroactively applicable, Cade is nevertheless not entitled to the benefit of the 28 U.S.C. 2255(e) savings clause. "The core idea of the

---

[3] In his response, Rivera maintains that United States v. Hinkle is distinguishable from the case at bar in one important respect, i.e., Hinkle was convicted of delivery of a controlled substance, and Cade pleaded guilty to possession with intent to deliver a controlled substance. Because the question of whether Cade was properly sentenced in the United States District Court for the Northern District of Texas is not before the undersigned, Rivera's assertion need not be addressed.

'savings clause' in section 2255 'is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" See <u>Lott v. Willis</u>, 2017 WL 384074, 5 (W.D.Tex. 2017) (quoting <u>Reyes-Requena v. United States</u>, 243 F.3d at 903). Cade is not challenging his federal conviction in the case at bar; instead, he is challenging the sentence enhancement he received pursuant to U.S.S.G. 4B1.1. His challenge is not based on a retroactively applicable Supreme Court decision <u>which establishes that he may have been convicted of a nonexistent offense</u>; the challenge does not suggest he was convicted of a nonexistent offense.[4]

Despite having found the foregoing, the undersigned notes that Cade is not entirely without a judicial remedy. He can petition the United States Court of Appeals for the Fifth Circuit for permission to file a second or successive petition under 28 U.S.C. 2255(h)(2) and, in support of his petition, cite the Court of Appeals' decision in <u>United States v. Tanksley</u>. The undersigned takes no position on whether the petition would be granted but finds that it is a matter for the Court of Appeals to consider in the first instance.

IV. <u>RECOMMENDATION</u>. The undersigned recommends on the basis of the foregoing that Cade's petition be dismissed for lack of subject matter jurisdiction. The dismissal

---

[4] An additional point is in order. Rivera notes that Cade invokes <u>Johnson v. United States</u>, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Rivera correctly notes, though, that in <u>Johnson v. United States</u>, the United States Supreme Court found the definition of "violent felony" in the Armed Career Criminal Act to be unconstitutionally vague. As Cade's claim involves the definition of "controlled substance offense" in U.S.S.G. 4B1.1 and not the definition of "crime of violence" in U.S.S.G. 4B1.1, <u>Johnson v. United States</u> is of little relevance.

should be without prejudice, though, so that he might petition the United States Court of Appeals for the Fifth Circuit for permission to file a second or successive petition under 28 U.S.C. 2255(h)(2). All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 1st day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE